**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, Plaintiff | : | No. 1:11-cv-01678-JEJ |
| v. | : | Hon. John E. Jones III |
| MONROE COUNTY TAX CLAIM BUREAU, AND ALL STATE ASSET MANAGEMENT, LLC, Defendants. | : | |
| In re: UPSET SALE OF REAL ESTATE BY MONROE COUNTY TAX CLAIM BUREAU | : | |

**MEMORANDUM**

**July 30, 2012**

## I. INTRODUCTION

Before the court in this quiet title action are Plaintiff Federal Home Loan Mortgage Corporation's and Defendant All State Asset Management, LLC's Cross-Motions for Summary Judgment. (Docs. 25, 23). The Motions have been fully briefed and are therefore ripe for our review. For the reasons articulated herein, the Court will deny Defendant's Motion and grant Plaintiff's Motion.

## II. PROCEDURAL HISTORY & STATEMENT OF FACTS

As noted in the Motion papers, Plaintiff Federal Home Loan Mortgage Corporation ("Plaintiff," "the Corporation," or "Freddie Mac") and Defendant All State Asset Management, LLC ("All State") agree on all factual allegations made in the Complaint.[1] Accordingly, the only item in dispute is a matter of law and therefore it is a matter to be appropriately settled on summary judgment.

Freddie Mac, a corporate instrumentality of the United States created by Congress to make home loans more accessible to the public, acquired title to Lot 1823 Sec. H, Coolbaugh Township, Monroe County, PA 18466 ("the Property") on December 29, 2009, pursuant to a marshal's foreclosure sale. (Doc. 1 ¶¶ 2, 7, 10). At the time Freddie Mac took title to the Property, the Property was subject to past due property taxes owed to Monroe County. (*Id.* ¶ 14). After attempts to collect the back taxes, Monroe County initiated a tax sale of the Property, resulting in All State paying $12,000 to acquire title subject to a *decree nisi*. (*Id.* ¶¶ 15–18).

---

[1]Defendant Monroe Country Tax Bureau ("Monroe County") takes no position as to the legal issue in question. Monroe County's stake in this litigation is related only to the receipt of unpaid property taxes. (Doc. 18 ¶ 5). As both Plaintiff and All State have stipulated that the party awarded title to the Property will pay Monroe County the back-taxes due, Monroe County has agreed that it will participate in the instant action only insofar as is necessary to determine the amount of property taxes owed and it has further agreed to be bound by the judgment determining which party takes title. (*Id.* ¶¶ 6–7).

Freddie Mac filed a timely response to the *decree nisi*, objecting to the sale of the Property to All State. (*Id.* ¶ 19).

Plaintiff filed the instant action on September 6, 2011, seeking a declaratory judgment to quiet title to the Property. Plaintiff contends that by virtue of the Supremacy and Property Clauses of the United States Constitution, and the Federal Home Loan Mortgage Corporation Act ("Act"), Plaintiff's interest in real property cannot be impaired or extinguished without its consent. *See* U.S. Const. art. VI, cl. 2; U.S. Const. art. IV, § 3, cl. 2; 12 U.S.C. § 1452.

## III. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find

for the non-moving party, and a factual dispute is “material” only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party “may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial.” Fed. R. Civ. P. 56(e)(2). The non-moving party “cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial.” *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs “are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion.” *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109–10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, “the mere existence of *some* alleged factual dispute between the parties will not defeat

an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247–48.

## IV. DISCUSSION

Plaintiff's legal argument is straightforward: as an instrumentality of the United States, Plaintiff is not subject to the state laws granting a local taxing authority the power to sell Plaintiff's real property to settle a tax debt. All State argues that Congress has explicitly abrogated Plaintiff's exemption from paying property taxes to local taxing authorities, and therefore Plaintiff is subject to the collection procedures associated with those taxes.

It is a well established principle that entities of the United States government are exempt from taxation by local and state authorities. *See McCulloch v. Maryland*, 17 U.S. 316 (1819). While Congress may waive this federal privilege, in doing so Congress must be "unambiguous[]" and any ambiguities that do exist must be "construe[d . . .] in favor of the sovereign." *F.A.A. v. Cooper*, 132 S.Ct. 1441, 1448 (2012); *See also Simon v. Cebrick*, 53 F.3d 17, 20 (3d Cir. 1995) ("[w]hen a court interprets a statute, '[i]t is not lightly to be assumed that Congress intended to depart from a long established policy.'"). While there are instances

where Congress has patently noted that some federal entities are immune from foreclosure proceedings, the absence of positive language granting that immunity is not equivalent to an unambiguous waiver of that federal privilege. *See Simon*, 53 F.3d at 19, 21 (Third Circuit found that FDIC was immune from foreclosure proceedings where Congress used explicit language indicating such); *See also United States v. Lewis Cnty.*, 175 F.3d 671, 674–78 (9th Cir. 1999) (federal Farm Service Agency was exempt from state foreclosure law for unpaid taxes).

The Act speaks directly to Freddie Mac's tax related obligations:

> The Corporation . . . shall be exempt from all taxation now or hereafter imposed by any territory, dependency, or possession of the United States or by any State, county, municipality, or local taxing authority, *except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation* to the same extent according to its value as other real property is taxed.

12 U.S.C. § 1452(e) (emphasis added). It is clear from this language that Congress intended the Corporation to pay property taxes to subservient taxing authorities. However, Congress also included language speaking specifically to the issue of how the Corporation could be forced to pay these property taxes:

> The Corporation shall have the power . . . to determine its necessary expenditures and the manner in which the same shall be incurred, allowed, and paid . . . *all without regard to any other law* except as

> may be provided by the Corporation or by laws hereafter enacted by the Congress *expressly in limitation of this sentence*.

12 U.S.C. § 1452(c) (emphasis added). Reading these provisions of the Act in tandem, Section 1452(c) is clearly meant to serve as a proviso to Section 1452(e). As the Ninth Circuit explained with regard to a similar situation involving Freddie Mac's "sister entity," the Federal National Mortgage Association ("Fannie Mae"), in the absence of clear congressional intent to the contrary, allowing the city of Los Angeles to extinguish Fannie Mae's property interest would violate the Supremacy and Property Clauses of the United States Constitution. *Rust v. Johnson*, 597 F.2d 174, 177–79 (9th Cir. 1979).[2]

In the present action, All State contends that the language of the Act shows a clear congressional intent to subject Freddie Mac to tax foreclosure procedures in the event of nonpayment of property taxes. However, we are unpersuaded by All State's contention that "Congress has waived [Freddie Mac's] sovereign immunity" such that it is immaterial "whether the defaulting owner [of the Property] is an individual . . . or a federally created corporation . . . ." Doc. 38 at 6.

---

[2]Plaintiff cites several other persuasive authorities in which entities of the United States could not be stripped of their property interest because there was no patent congressional waiver of sovereign immunity. *See Yunis v. United States*, 118 F. Supp. 2d 1024, 1029–36 (C.D. Cal. 2000); *See also United States v. City of Newark*, 2009 WL 3230892 at *4–6 (D.N.J. Sept. 29, 2009).

The language of 12 U.S.C. § 1452 does not *clearly* indicate an intent on the part of Congress to shirk the centuries old understanding that federal entities such as Plaintiff are neither subject to local taxation nor subject to the associated tax collection procedures. In fact, 12 U.S.C. § 1452 cuts the other way by stating that Freddie Mac can only be stripped of property ownership in a manner consistent with the language of the Act.

All State's additional attempt to show that Freddie Mac is not exempt from tax foreclosure proceedings because "Freddie Mac is not the FDIC" is equally unpersuasive. While the language used in the statute creating the FDIC is more explicit than that of the language creating Freddie Mac, this does not equate to an "unambiguous" congressional intent to abrogate Freddie Mac's sovereign immunity with regard to "the manner in which [Freddie Mac's tax debts] shall be . . . paid."

Accordingly, because the Act is lacking the requisite congressional indication that Freddie Mac is subject to the same tax collection procedures as non-federal entities, we shall grant Plaintiff's Motion

## V. CONCLUSION

For the reasons stated above, we will grant Plaintiff's Motion for Summary Judgment and deny All State's Motion for Summary Judgment. An appropriate Order shall issue.